1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYARD EDWARDS, on Behalf of Himself and all Others Similarly Situated, | Case No.  3:16-cv-00519-EDL |
| Plaintiff, | **SECOND AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| OPORTUN, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

SECOND AMENDED CLASS ACTION COMPLAINT
3:16-CV-00519-EDL

1    Plaintiff Kenyard Edwards ("Plaintiff"), individually and on behalf of all others similarly

2 situated, alleges the following on information and belief, except that Plaintiff's allegations as to his

3 own actions are based on personal knowledge.

4                                    **NATURE OF THE ACTION**

5    1.    Between December 10, 2015 and January 3, 2016, Defendant Oportun, Inc.

6 ("Oportun" or "Defendant") made 26 telephone calls to Plaintiff, Kenyard Edwards, on his cellular

7 telephone to collect a debt owed by someone named Javier.  These calls were made using an

8 autodialer and/or an artificial or prerecorded voice.  Mr. Edwards did not give Oportun prior

9 express written consent to make these calls.

10    2.    Plaintiff brings this action for injunctive relief and statutory damages arising out of

11 and relating to the conduct of Oportun in negligently, knowingly, and willfully contacting Plaintiff

12 and class members on their telephones using an artificial or prerecorded voice without their prior

13 express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C.

14 § 227 *et seq.* ("TCPA").

15                                    **PARTIES**

16    3.    Plaintiff Kenyard Edwards is, and at all times mentioned herein was, a resident of

17 Victorville, California and a citizen of the State of California.

18    4.    Defendant Oportun, Inc. is a Delaware corporation with its principal place of

19 business at 1600 Seaport Blvd., Suite 250, Redwood City, CA 94063.  Oportun was formerly

20 known as Progreso Financiero.

21                                    **JURISDICTION AND VENUE**

22    5.    This Court has subject matter jurisdiction over this action pursuant to the Class

23 Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28

24 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

25 here: (a) there are 100 or more members in the proposed classes; (b) some members of the

26 proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed

27

28
SECOND AMENDED CLASS ACTION COMPLAINT                                            1
3:16-cv-00519-EDL

1    class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28

2    U.S.C. § 1332(d)(2) and (6).

3            6.        This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331

4    because this action involves violations of a federal statute, the TCPA.

5            7.        Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is

6    headquartered in this District, Defendant transacts significant business within this District and a

7    substantial part of the events giving rise to Plaintiff's claims took place within this District.

8                            **FACTS COMMON TO ALL CAUSES OF ACTION**

9    **A.        The Telephone Consumer Protection Act Of 1991**

10           8.        In 1991, Congress enacted the TCPA in response to a growing number of consumer

11   complaints regarding certain telemarketing practices.

12           9.        Among other things, the TCPA prohibits "initiat[ing] any telephone call to any

13   residential telephone line using an artificial or prerecorded voice to deliver a message without the

14   prior express consent of the called party. . . ."

15           10.       According to findings by the Federal Communications Commission ("FCC"), such

16   calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of

17   privacy than live solicitation calls, and such calls are costly and inconvenient.

18           11.       The FCC has issued rulings clarifying that in order to obtain an individual's consent,

19   a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.

20   2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect

21   consumer privacy because such consent requires conspicuous action by the consumer—providing

22   permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

23   **B.        Defendant's Robocalls to Plaintiff and Class Members**

24           12.       Prior to the calls at issue in this action, Plaintiff had never had any contact with

25   Defendant.  Plaintiff has never consented in writing, or otherwise, to receive telephone calls from

26   Defendant.  Plaintiff has never provided Defendant with his telephone number.

27

28

1    13.    The following chart shows each date and time that Defendant called Plaintiff on his

2    cellular telephone number:

3    **Defendant's Calls to Plaintiff**

| Date | Time | Number Calling |
|------|------|----------------|
| 12/10/2015 | 11:06 AM | (650) 810-9235 |
| 12/12/2015 | 11:05 AM | (650) 810-9235 |
| 12/12/2015 | 7:25 PM | (650) 810-9235 |
| 12/16/2015 | 11:02 PM | (650) 810-9235 |
| 12/16/2015 | 7:26 PM | (650) 810-9235 |
| 12/17/2015 | 11:44 AM | (650) 810-9235 |
| 12/17/2015 | 7:37 PM | (650) 810-9235 |
| 12/18/2015 | 10:57 AM | (650) 810-9235 |
| 12/18/2015 | 7:26 PM | (650) 810-9235 |
| 12/19/2015 | 6:34 PM | (661) 369-8340 |
| 12/20/2015 | 10:13 AM | (619) 618-0163 |
| 12/21/2015 | 7:09 PM | (832) 260-0153 |
| 12/22/2015 | 7:08 PM | (209) 242-9061 |
| 12/23/2015 | 9:17 AM | (619) 618-0151 |
| 12/24/2015 | 9:40 AM | (650) 241-1353 |
| 12/26/2015 | 9:40 AM | (713) 574-1451 |
| 12/26/2015 | 7:26 PM | (713) 574-1451 |
| 12/27/2015 | 10:11 AM | (209) 242-9063 |
| 12/27/2015 | 7:52 PM | (209) 242-9063 |
| 12/28/2015 | 10:29 AM | (408) 474-0363 |
| 12/29/2015 | 9:44 AM | (916) 273-9953 |
| 12/29/2015 | 6:46 PM | (916) 273-9953 |
| 12/30/2015 | 9:27 AM | (213) 784-3441 |
| 12/30/2015 | 6:44 PM | (213) 784-3441 |
| 12/31/2015 | 9:34 AM | (619) 373-7050 |
| 1/03/2016 | 9:57 AM | (916) 248-8243 |

14.    In total, Defendant called Plaintiff at least 26 times using an autodialer and/or an

artificial or prerecorded voice without his prior express written consent.

15.    Each time Plaintiff answered the phone during these 26 calls, he heard a pause or

dead air before anyone on the line began to speak, indicating use of an automatic telephone dialing

system.  Numerous impersonal calls from various numbers using an artificial or prerecorded voice

also indicate that Defendant was using an autodialer to contact him.

16.    During these calls, Oportun would ask for someone named Javier.  Mr. Edwards

repeatedly told Defendant that he was not Javier and that they should stop calling him.  Despite

these requests, Defendant continued to call Mr. Edwards.

SECOND AMENDED CLASS ACTION COMPLAINT                                      3
CASE NO. 3:16-cv-00519-EDL

17.     Online consumer complaints regarding Defendant's unsolicited robocalls from these same numbers are legion:

- i get calls daily from this number several times a day. i hear what sounds like spanish in the background[1]

- I have been getting a call from this number like in the begining of November. Its a lady saying that i return the call and its not a sales call all in spanish.[2]

- I have had this new number for just over a week and I have explained to them twice that (1) I don't speak Spanish and (2) that I don't know who they are calling about and they need to remove me from their list.  I got confirmation that I was removed and they called me several times again.  I'm starting to get rude with them.  I'm pissed about it and I want it to stop![3]

- I already told them that they call wrong number and I'm not the one they're looking for, but they keep calling me. It's so annoying. They don't speak English but only Spanish.[4]

- 650-810-9235 belongs to a auto-dialer from PROGRESO FINANCIERO a Spanish lender with high interest rates. I called and I was transfer to a live operator asking for my name and Social Security number. Of course i did not provided that info to them, I simply just asked to have my number removed.[5]

- please remove me from this call list.  Several times a day and no affiliation to whomever is calling.  Down right annoying and getting OLD.[6]

- This number constantly calls and whomever is on the other side is surprised when I say "No Hablo Espanol!" They miss call about 3-4 times a day and today I finally called them back and told them to stop calling me. Luckily the man who answered spoke some English and confirmed that he'd delete my number from their contacts. Hopefully they'll stop.[7]

- This number call every day[8]

- Getting calls everyday from this number.  This number needs to be shutdown[9]

---

[1] http://800notes.com/Phone.aspx/1-650-810-9235 (last checked January 27, 2016).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] http://whocallsme.com/Phone-Number.aspx/6508109235 (last checked January 27, 2016).

SECOND AMENDED CLASS ACTION COMPLAINT                                                                4
CASE NO. 3:16-cv-00519-EDL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- I have to many calls from this number. What can l do to stop this calls. I put the number in my reject list, but they keep calling!![10]

- they are calling for some other person This is a total scam do not call them back this is all so they can get your information to your personal accounts. DO NOT REPSOND OR GIVE THEM ANYTHING.....[11]

- How can I get this people to stop calling me[12]

- Automated Spanish call, to call back same number and you call it back to tell them to stop calling and it puts you on hold then hangs up[13]

- I'm being harassed constantly[14]

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

19.     Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Robocall Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20.     Plaintiff also proposes the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone line; (c) made by or on behalf of Defendant; (d) for whom

---

[10] *Id.*

[11] *Id.*

[12] http://www.411.com/phone/1-650-810-9235 (last checked January 27, 2016).

[13] *Id.*

[14] *Id.*

Defendant had no record of prior express consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

21.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of autodialed robocalls that he received, that the classes are so numerous that individual joinder would be impracticable.

22.     Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

23.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

24.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

     a.   Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

     b.   Whether Defendant's conduct was knowing and/or willful;

     c.   Whether Defendant is liable for damages, and the amount of such damages, and

1        d.   Whether Defendant should be enjoined from engaging in such conduct in the future.

2        25.    As a person who received numerous and repeated calls on his telephone using an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

26.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

28.    Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

29.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

30.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

32.    Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

33.    Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37.    Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38.    Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

1

**PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members

3    of the proposed classes the following relief against Defendant:

4                    a.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

5                    b.   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff

6                         seeks for himself and each member of the proposed classes treble damages, as

7                         provided by statute, of up to $1,500.00 for each and every call that violated the

8                         TCPA;

9                    c.   As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and

10                        each member of the proposed classes $500.00 in statutory damages for each and

11                        every call that violated the TCPA;

12                   d.   An award of attorneys' fees and costs to counsel for Plaintiff and the proposed

13                        classes;

14                   e.   An order certifying this action to be a proper class action pursuant to Federal Rule

15                        of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a

16                        proper representative of the classes, and appointing the lawyers and law firm

17                        representing Plaintiff as counsel for the classes;

18                   f.   Such other relief as the Court deems just and proper.

19

**DEMAND FOR JURY TRIAL**

20          Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

21   and all issues in this action so triable of right.

22

23

24

25

26

27

28

1    Dated: June 13, 2016

2

3

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ L. Timothy Fisher*
                L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
        apersinger@bursor.com
        ykrivoshey@bursor.com

*Attorneys for Plaintiff*